■ In the Matter of INGE GRANT, Respondent, v. GEORGE GRANT, Appellant.— Order entered on May 7, 1969, unanimously reversed on the law and the facts, without costs and a new trial ordered. Petitioner married respondent in 1945, after having obtained an invalid Mexican divorce from her first hus-

band. They were divorced in Alabama in 1955. In March, 1957 they remarried one another. They were again divorced in Mexico in 1967. On petitioner's application for an order of support pursuant to subdivision (c) of section 466 of the Family Court Act, respondent husband resisted and sought to show the invalidity of their second marriage. He called Mrs. Schlossberg, mother of petitioner's first husband, who testified that her son was still living; when asked where, she appealed to the court not to be required to answer. After colloquy with respondent's counsel, she was not pressed for an answer. In her opinion upholding the validity of the 1957 marriage, the Trial Judge states that the first husband was not produced; that the mother was called by respondent but that she testified only that her son was living and that he had remarried. Respondent husband should have been permitted to inquire fully concerning the validity of the marriage and the present whereabouts of the first husband. While we reverse and remand for a new trial of all issues, it would appear that, on the evidence in this record, the husband is entitled to an offset of $1,250 against any arrears, representing gasoline charges of $750 and department store charges of $500. Pending final determination by the Family Court respondent-appellant shall continue to pay support of $50 per week (the sum this court fixed heretofore on granting a stay pending the appeal). Settle order on notice. Concur — Capozzoli, J. P., Tilzer, Markewich, Nunez and McNally, JJ.